[Civ. No. 29884.   Second Dist., Div. One.   Aug. 15, 1966.]

CHARLES P. SHELLY, Plaintiff and Appellant, v. JAMES H. HANSEN, Defendant and Appellant; ELMER O. DOCKEN, Defendant and Respondent.

Charles L. Lippitt for Plaintiff and Appellant.

Schell & Delamer and Fred B. Belanger for Defendant and Appellant.

Ives, Kirwan & Dibble and John A. Francis for Defendant and Respondent.

LILLIE, J.—In this legal malpractice action against two attorneys who had represented him successively, plaintiff was given a money judgment against defendant Hansen only. Plaintiff has appealed contending not only that the award was inadequate but that he was also entitled to a judgment against defendant Docken. Defendant Hansen has also appealed; although no challenge is made to the amount of the award, he renews the claim below that the action against him is barred by the statute of limitations (Code Civ. Proc., § 339, subd. 1). The appeals have been consolidated for disposition pursuant to stipulation.

We dispose first of the point that the action is barred as to both defendants by virtue of section 339, subdivision 1, *supra,* which was pleaded by way of affirmative defense in each answer. Plaintiff is a painting contractor. The original complaint, captioned ''Malpractice,'' was filed on May 3, 1962; named therein as defendants were Docken and a Doe I. It alleges the employment of ''defendants'' on December 15, 1957, to prosecute an action in *quantum meruit* and breach of

contract against Southland Development Company and Sylmar Terrace for their failure to pay the balance due thereunder and other breaches of the contract, as well as defendants' employment to file and foreclose mechanics' liens to protect plaintiff's rights under pertinent lien laws; thereafter mechanics' liens were filed by the defendant attorneys "between February 18, 1958, and March 17, 1958." Subsequently, on May 19, 1958, said attorneys commenced suit to foreclose the subject liens but "negligently failed to file a lis pendens" on said May 18, 1958, as required by section 1198.1, Code of Civil Procedure as it then existed.[1] Because of such failure, the defendant companies moved for, and were granted, summary judgment, and the action was dismissed "without prejudice of either party [*sic*] to file action for breach of contract." Thereafter, according to the complaint, defendants fraudulently concealed from plaintiff the fact of such dismissal (including his still remaining right to sue for breach of contract), and "plaintiff did not know and could not have known, of said dismissal at any time prior to May 5, 1961." There then follow allegations that if plaintiff's actions had been timely filed "and had not said lien foreclosure action been negligently conducted," recovery would have been had against the companies in sums there stated. By way of a second cause of action, it is then alleged that plaintiff employed "defendant Doe I" to prosecute the above claim for breach of contract and in *quantum meruit*; thereafter this defendant assertedly did not file such action at any time prior to April 1, 1962, "and negligently permitted plaintiff's cause of action to become barred by the statute of limitations of the State of California in such cases made and provided." If said action had been timely filed, the complaint finally alleges, there would have been a recovery against the companies in stated sums.

On October 25, 1963, an amended complaint was filed.[2] Again captioned "Malpractice," it varies in no substantial aspect from its predecessor except that defendant Hansen is substituted in the title for the Doe I defendant, and the charging allegations of the second count make reference to said defendant by name instead of fictitiously. As mentioned

---

[1]In 1959, Code Civ. Proc., § 1198.1, was amended and § 1198.2, relating to lis pendens, was added.

[2]Such pleading was filed after Hansen, served as Doe I, successfully demurred to the original complaint on the ground of noncompliance with section 474, Code of Civil Procedure, which requires that plaintiff must allege his ignorance of the fictitious defendant's true name.

above, the bar of section 339, subdivision 1, Code of Civil Procedure was raised by each defendant to the amended pleading.

The briefs of all parties discuss our decision in *Alter* v. *Michael* (Cal.App.) 48 Cal.Rptr. 14, which was filed subsequent to the trial of the present proceeding. There it was held that the one-year statute (Code Civ. Proc., § 340, subd. 3) applied not only to medical, but also to legal malpractice actions. Said decision was vacated by the Supreme Court which, on April 25, 1966, determined that the two-year statute (Code Civ. Proc., § 339, subd. 1) governs claims of the type here in suit (*Alter* v. *Michael*, 64 Cal.2d 480 [50 Cal.Rptr. 553, 413 P.2d 153].) It is also there held, by an approving citation of *Bustamante* v. *Haet*, 222 Cal.App.2d 413, 414-415 [35 Cal.Rptr. 176], that the two-year period runs from the date of the negligent act as distinguished from section 340, subdivision 3, which has been construed to run either from the date of discovery of the injury by the patient or from the time the use of reasonable diligence should have discovered it. (*Stafford* v. *Shultz*, 42 Cal.2d 767, 776 [270 P.2d 1].)

In the light of the above rules, and insofar as it concerns the failure of defendant Docken to file the necessary lis pendens in the lien foreclosure action, plaintiff's action is clearly barred since it is expressly alleged in both complaints that the negligent act occurred on May 19, 1958, almost four years before the commencement of this proceeding (May 3, 1962). According to each complaint, however, Docken was also employed to file actions for breach of contract and in *quantum meruit*. Plaintiff argues that Docken had until December 26, 1959 (an interval of two years) to sue under the common count and two more years from that date to commence an action for breach of the written contract, or until December 26, 1961; neither of such actions, it is alleged, was commenced. Under section 339, subdivision 1, *supra,* any malpractice suit based on the failure to file the *quantum meruit* action was manifestly barred after December 26, 1961. With respect to Docken's failure to file a breach of contract suit, however, plaintiff had until December 26, 1963, to assert his claims therefor, and plaintiff points out that the present proceeding was instituted on May 3, 1962, well within the two-year limitation. But the trial court found that the attorney-client relationship with Docken terminated on May 1, 1962, at which time Docken turned the file over to defendant Hansen; and that on said date there still existed an enforceable right of action by plaintiff against the proposed

defendant companies. These findings are not challenged by plaintiff; indeed, as shown above, plaintiff concedes that the statute would not have run on the breach of contract action until December of 1961, some seven months after Hansen was brought into the case. ██ To warrant recovery for this type of negligence plaintiff must first plead and prove that at the critical times in question there existed the relationship of attorney and client with its accompanying responsibilities. (*McGregor* v. *Wright*, 117 Cal.App. 186, 193 [3 P.2d 624]; see also *Modica* v. *Crist*, 129 Cal.App.2d 144, 145-146 [276 P.2d 614].) During the last seven months of the statutory period, the responsibility for filing the breach of contract action lay with Hansen and not Docken; furthermore, even if the latter had wished to do so, the proceeding could not have been instituted by him due to the termination of his employment as above stated. Stated otherwise, if Docken then had no duty to perform, how can it be properly urged that such duty was negligently carried out? ██ Under the above circumstances, it may not be contended (as is done by plaintiff) that Docken's asserted negligence while acting as his counsel, was *a*, not *the*, proximate cause of the damages said to have been sustained. The "but for" rule determines cause in fact (Witkin, Summary of Cal. Law (1960) p. 1484); and in *Lally* v. *Kuster*, 177 Cal. 783, 787 [171 P. 961], it is declared that in a suit for negligence by a client against an attorney it must be shown that "but for" the asserted negligence an actionable claim could have been successfully maintained. Here the subsequent employment of Hansen intervened to make the above rule inoperative.

██ Finally, the assertion by plaintiff that his action is also one for fraud and deceit, governed by a three-year statute (Code Civ. Proc., § 338, subd. 4), is a red herring. The pleadings, the pretrial order and the evidence received all point to the fact that the proceeding was one in negligence for the tortious acts of the two defendants. It may not be otherwise regarded solely because of the allegation that Docken "fraudulently concealed" certain facts from his client; too, the court, while finding that Docken did not keep plaintiff informed, did not declare in such finding that the dereliction in question was fraudulently motivated. For the above reasons, therefore, the action was barred as to defendant Docken, and the judgment in his favor was proper.

The situation is otherwise as to defendant Hansen. He had until December of 1961 to file the breach of contract action

and, as the court found, during the period of his employment the statute ran on the claim. Hansen contends, however, that the date of the alleged "misadvice" was June of 1961 and the amended complaint was not filed until October 25, 1963, more than two years later. The first of the above statements is simply not factually correct; as already noted, the negligence in question consisted of defendant's continuing omission to take timely action, in direct disobedience of the plaintiff's instructions, against defendants possessed of sufficient solvency to pay the sums sought. Nor does the date of the filing of the amended complaint have any bearing on the outcome. ■ A wholly different case not having been pleaded by the amendment, for purposes of the statute of limitations, the time of filing the original complaint is still the date of the commencement of the action. (*Jones* v. *Wilton,* 10 Cal.2d 493 [75 P.2d 593]; *D. A. Parrish & Sons* v. *County Sanitation Dist.,* 174 Cal.App.2d 406 [344 P.2d 883].) The bar of the statute does not apply to defendant Hansen.

Having found that a reversal of the judgment is not warranted as to Hansen, we now consider his contention, in the alternative, that the judgment be affirmed on the issue of damages assessed against him. Thus, he concedes that some damages should have been awarded, and he also apparently concedes the establishment of the additional requirement in actions of this type that careful management on his part would have resulted in recovery of a favorable judgment. (*Campbell* v. *Magana,* 184 Cal.App.2d 751, 754 [8 Cal.Rptr. 32].) ■ The parties are in agreement on the measure of damages that would there have been applied, and is applicable here. Where one party, willing to perform, is prevented from doing so by the other, the primary measure of damages is the amount of his loss, consisting of his reasonable outlay of expenditure toward performance, plus the anticipated profits which he would have derived from such performance. (*Buxbom* v. *Smith,* 23 Cal.2d 535, 541 [145 P.2d 305].) The trial court determined that plaintiff's lost profits amounted to $1,800, and that his expenditures (consisting of equipment left on the job) were in the sum of $500. Plaintiff, however, contends that his unreimbursed expenditures totalled $9,000, and that he suffered lost profits reasonably worth $3,831.50. Because plaintiff's claims involve the resolution of disputed factual questions, it follows that they are not sustainable at this stage of the proceedings.

The entire contract price for painting the 79-unit tract in

question was $38,315. The president of Sylmar Terrace, Mr. Lively, testified that plaintiff had been paid the sum of $18,993.34 up to December 26, 1957, and that he then notified plaintiff by letter that "you have forced us to engage other help to complete your contract." (Testimony relating to the background of this letter might have tended to support a determination that it was plaintiff, not Sylmar, who prevented performance—in which event other principles of law would govern.) ▮ On the issue of expenditures, plaintiff points to items, billed and unbilled, as of December 26, 1957. He admits, however, the existence of defense testimony that certain work had to be done over because of faulty workmanship which would, plaintiff concedes, constitute setoffs against his total claim for expenditures; and he also admits that "where the amount is entirely uncertain or extremely difficult of ascertainment the sum to be awarded is a question for the jury in the exercise of a sound discretion." (*Monroe* v. *Owens,* 76 Cal.App.2d 23, 30 [172 P.2d 110].) There was clearly no abuse of such discretion at bar.

On the question of lost profits, plaintiff testified that his net profit, if he had been able to complete the job, would "average around 9 percent." According to plaintiff, the court erroneously limited the above 9 percent to the approximate balance of $20,000 still due under the contract, or $1,800; instead, it is contended, he should have been awarded 9 percent of the entire contract price (which eventually totalled in excess of $39,000), or $3,831.50 to be exact. But this, as noted above, was disputed by Mr. Lively who stated that as of December 26, 1957, "everything was paid current to that date." The court presumably accepted this testimony as including plaintiff's profit although, once again, there is evidence to the contrary. In a written memorandum, part of the record on appeal, the court noted that "The question of the extent of the damages suffered by the plaintiff is in such a state of confusion that it is utterly impossible to pinpoint, with any degree of accuracy, the actual result of Hansen's failure to protect [plaintiff's] interest." Under the circumstances, the court made a reasonable, and sustainable approximation of the lost profits, as follows: The balance of the contract, after payment of $18,993.34, was $19,331.66; 9 percent of this latter sum would be approximately $1,239.00, and 10 percent approximately $1,932. The amount allowed ($1,800), being between 9 percent and 10 percent, was a satisfactory basis for estimating the probable earnings that would have been had, even though they

were incapable of exact proof. (*Natural Soda Products Co.* v. *City of Los Angeles,* 23 Cal.2d 193, 199 [143 P.2d 12].)

The judgment is affirmed; plaintiff-appellant's attempted appeal from the denial of his motion for a new trial is dismissed. The costs on appeal of defendant-respondent Docken will be borne by plaintiff-appellant only.

Wood, P. J., and Fourt, J., concurred.