[L.A. No. 31910. Feb. 21, 1985.]

GEORGE STEKETEE, Plaintiff and Appellant, v.
LINTZ, WILLIAMS & ROTHBERG et al., Defendants and Respondents.

48

Counsel

Royce & Seaman, George R. Royce and John M. Inferrera for Plaintiff and Appellant.

Lewis, D'Amato, Brisbois & Bisgaard, Roy M. Brisbois and Mark E. Goodfriend for Defendants and Respondents.

Opinion

**BIRD, C. J.—** Does section 340.5 of the Code of Civil Procedure permit a minor subjected to professional negligence at the hands of a health

care provider a period of at least three years from the date of the wrongful act in which to file his action, regardless of when he reached the age of majority?

## I.

This is an action for legal malpractice. Plaintiff, George Steketee, alleges that defendant law firm and two of its members negligently failed to file an action for medical malpractice on his behalf within the period established by Code of Civil Procedure section 340.5.[1]

The parties stipulated to the following facts. Plaintiff was born on October 30, 1959. On September 25, 1976, when he was approximately 16 years, 11 months of age, he sustained certain personal injuries. Plaintiff alleges that various medical practitioners from whom he sought treatment negligently failed to diagnose a fracture in the lower right extremity. The alleged medical malpractice occurred in September and/or October of 1976.

In August or September of 1977, when plaintiff was 17 years old, he discovered facts which led him to suspect that medical malpractice had occurred. In January of 1978, plaintiff retained the defendants to represent him in connection with his medical malpractice claim. Plaintiff was 18 years, 3 months old at the time. In January of 1979, after plaintiff's 19th birthday, he was informed by the defendants that they would no longer represent him. No complaint was ever filed on behalf of plaintiff.

New counsel was subsequently retained. Believing that the statute of limitations had run on plaintiff's claim while he was being represented by defendants, plaintiff's new attorneys filed this action for legal malpractice. However, the trial court concluded that the statute of limitations had not run so summary judgment was entered for the defendants. This appeal followed.

Plaintiff contends that he became subject to the adult statute of limitations set forth in the first two sentences of section 340.5 when he turned 18. That provision requires commencement of an action within three years after the injury or within one year after actual or constructive discovery of the injury,

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise noted.

whichever comes first. The three-year limitation may be tolled under certain circumstances not applicable here.[2]

Plaintiff argues that the adult "discovery" period began to run on his 18th birthday and expired 1 year later while he was still being represented by defendants. Therefore, the defendants negligently failed to file an action on his behalf before the statute expired.

However, the trial court held that plaintiff remained subject to the separate statute of limitations for minors set forth in the third sentence of section 340.5. Unlike the adult statute, which requires commencement of an action within three years after the date of the *injury,* the minor statute requires the plaintiff to bring suit within three years from the date of the alleged *wrongful act.* Further, the minor statute makes no provision for a shorter limitations period based upon the plaintiff's discovery of the malpractice.

If defendants are correct, plaintiff had three years from the date of the wrongful act to file his action. Under this view, the statute began to run in September or October of 1976, the time of the alleged misdiagnosis. It did not expire until September or October of 1979, several months after the attorney-client relationship had been terminated. Defendants argue that they had no duty to file an action on plaintiff's behalf since they no longer represented him at the time the statute of limitations ran.

## II.

First, this court must interpret section 340.5. In this task, the court is guided by certain principles of statutory construction. ■ First among these principles is " 'the fundamental rule that a court "should ascertain the intent of the Legislature so as to effectuate the purpose of the law." [Citation.] In determining such intent "[t]he court turns first to the words themselves for the answer." [Citation.]' " *(Palos Verdes Faculty Assn.* v. *Palos*

---

[2]Section 340.5 provides in relevant part: "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person. Actions by a minor shall be commenced within three years from the date of the alleged wrongful act except that actions by a minor under the full age of six years shall be commenced within three years or prior to his eighth birthday whichever provides the longer period. Such time limitation shall be tolled for minors for any period during which parent or guardian and defendant's insurer or health care provider have committed fraud or collusion in the failure to bring an action on behalf of the injured minor for professional negligence. . . ."

*Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650, 658 [147 Cal.Rptr. 359, 580 P.2d 1155].) ■ The court is required to give effect to statutes " " "according to the usual, ordinary import of the language employed in framing them." [Citations.] "If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose[]" [citation]; "a construction making some words surplusage is to be avoided." [Citation.] "When used in a statute [words] must be construed in context, keeping in mind the nature and obvious purpose of the statute where they appear." [Citations.]' " (*Id.*, at pp. 658-659.)

■ Finally, " 'the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole. [Citations.]' " (*Id.*, at p. 659.) ■ "[I]t is a well-established rule of construction that when a word or phrase has been given a particular scope or meaning in one part or portion of a law it shall be given the same scope and meaning in other parts or portions of the law. [Citations.]" (*Stillwell* v. *State Bar* (1946) 29 Cal.2d 119, 123 [173 P.2d 313]; accord *People* v. *Dillon* (1983) 34 Cal.3d 441, 468 (plur. opn.) [194 Cal.Rptr. 390, 668 P.2d 697]; *People* v. *Mirmirani* (1981) 30 Cal.3d 375, 382, fn. 6 (plur. opn.) [178 Cal.Rptr. 792, 636 P.2d 1130].)

■ The pivotal sentence of section 340.5 provides that "[a]ctions by a minor shall be commenced within three years from the date of the alleged wrongful act except that actions by a minor under the full age of six years shall be commenced within three years or prior to his eighth birthday whichever provides a longer period." Plaintiff contends that the plain meaning of the phrase "actions by a minor" refers to the plaintiff's age at the time the action is filed rather than at the time of the alleged wrongful act. He argues that the minor statute of limitations applies only if a plaintiff is under the age of majority when the action is filed. If the plaintiff is over the age of majority when the action is filed, then reference must be made to the adult statute of limitations, with its one-year "discovery" limitation.

Applying the rules of statutory construction enumerated above, it is apparent that plaintiff's reading of section 340.5 is fatally flawed. This court would be required to attribute widely divergent meanings to the same phrase as it appears in two parts of the same statute—indeed, in two parts of the same sentence!

Specifically, the phrase "actions by a minor" appears twice in the third sentence of section 340.5. The second part of the sentence refers to "actions by a minor under the full age of six years." If, as plaintiff contends, the phrase "actions by a minor" referred to the plaintiff's age on the date the action is filed, no one who was the victim of medical malpractice while

under the age of six would be permitted to commence an action at the age of seven. By definition, a seven-year-old may not file an action or do anything else while he or she is "under the full age of six years." Yet, it is clear that the Legislature intended to permit a victim of medical malpractice under the age of six to file an action at any time prior to his or her eighth birthday and in some cases even later. It is, therefore, apparent that the phrase "actions by a minor" as used in the second part of the sentence refers to the plaintiff's age *at the time of the alleged wrongful act.*

In accordance with the rule that a word or phrase will be given the same meaning each time it appears in a statute (*Stillwell* v. *State Bar, supra,* 29 Cal.2d at p. 123), the phrase "actions by a minor" in the first part of the sentence must also refer to the plaintiff's age at the time of the wrongful act. The phrase "under the full age of six years" in the second part of the sentence merely modifies the word "minor" and does not compel a different result.

The construction advocated by plaintiff has other defects. First, plaintiff contends that he was subject to the requirement applicable to adults that an action be filed within one year after the discovery of the injury. He asserts that this one-year period began to run on his eighteenth birthday. However, the statute does *not* say that the action must be commenced within one year after the plaintiff *becomes an adult.* It states that "the time for the commencement of action shall be . . . one year after the plaintiff *discovers,* or through the use of reasonable diligence should have discovered, *the injury* . . . ." (§ 340.5, italics added.)

Thus, if the "discovery" component of the adult statute of limitations were applicable at all, the one-year period would not run from plaintiff's eighteenth birthday. Rather, it would run from the date of discovery in August or September of 1977, when plaintiff was 17 years old. ██ ██ ██ ██ In other words, the adult statute of limitations would begin to apply to plaintiff while he was still a minor, in clear violation of the Legislature's intention that minors should be treated differently than adults.[3]

---

[3]Theoretically, the adult statute of limitations might govern from the time a minor discovered his injury but be *tolled* until his 18th birthday. Here, plaintiff discovered the injury when he was 17 years old. Under the tolling theory, the one-year "discovery" period would not begin to run until he turned eighteen. This theory suffers from the same conceptual defect. Although tolled, the adult statute of limitations would necessarily begin to operate while the plaintiff was still a minor and subject to a separate statute of limitations.

Moreover, it is well established that a plaintiff's minority as such does not toll the limitations period of section 340.5. (See *Kite* v. *Campbell* (1983) 142 Cal.App.3d 793, 799, fn. 2 [191 Cal.Rptr. 363]; *Knox* v. *Superior Court* (1983) 140 Cal.App.3d 782, 786 [189 Cal.Rptr. 800]; *Washington* v. *Nelson* (1979) 100 Cal.App.3d 47, 52-53 [160 Cal.Rptr. 644]; compare *Whiteside* v. *Regents of University of California* (1983) 147 Cal.App.3d 854, 857 [195 Cal.Rptr. 349] [where unemancipated minor's natural parents fail or refuse to

■ Plaintiff's construction would also require a wrenching shift in the initial frame of reference whenever a minor malpractice victim over the age of 15 did not bring an action until he was 18. As noted above, the adult statute of limitations requires commencement of an action within three years after the date of the *injury,* while the three-year period prescribed in the minor statute of limitations begins to run on the date of the alleged *wrongful act.*

■ "Wrongful act" and "injury" are not synonymous. (*Kite* v. *Campbell, supra,* 142 Cal.App.3d at p. 802; *Tresemer* v. *Barke* (1978) 86 Cal.App.3d 656, 665 [150 Cal.Rptr. 384, 12 A.L.R.4th 27].) The word "injury" signifies both the negligent cause and the damaging effect of the alleged wrongful act and not the act itself. (*Larcher* v. *Wanless* (1976) 18 Cal.3d 646, 655-656 & fn. 11 [135 Cal.Rptr. 75, 557 P.2d 507].) The date of injury could be much later than the date of the wrongful act where the plaintiff suffers no physical harm until months or years after the wrongful act. (*Ibid.*)[4]

■ In this case, the parties agree that the injury and the alleged wrongful act occurred simultaneously. However, plaintiff's construction of the statute would lead to bizarre results under a different set of circumstances.

For example, consider this set of facts. A person suffers a wrongful act at the hands of a health care provider at 15, but does not suffer any actionable harm until after 17, and the injury is not discovered nor an action filed by the time of the 18th birthday. Under plaintiff's construction of section 340.5, if the wrongful act occurred just *before* the victim's 15th birthday, any action would be barred by the minor statute of limitations. Three years would have elapsed from the time of the wrongful act before the victim's

---

secure the appointment of a guardian ad litem to sue on his behalf within three years of the wrongful act, an action may be commenced within a reasonable time after the plaintiff attains his majority].) When the Legislature added the separate statute of limitations for minors to section 340.5 in 1975 (Stats. 1975, Second Ex. Sess. 1975-1976, ch. 1, § 25, p. 3969), it clearly intended that the general provision for tolling of statutes of limitation during a person's minority (§ 352, subd. (a)(1)) should no longer apply to medical malpractice actions. (See *Kite* v. *Campbell, supra,* 142 Cal.App.3d at p. 799, fn. 2.)

It should be noted that this court does not address here the constitutionality of this feature of the statute.

[4]At least one court commenting on this feature of section 340.5 has noted that the statute appears on its face to favor adults over minors. (*Kite* v. *Campbell, supra,* 142 Cal.App.3d at p. 802.) Courts in other jurisdictions have concluded on constitutional grounds that all medical malpractice plaintiffs must be afforded the benefit of an "injury" standard. (See *Kenyon* v. *Hammer* (Ariz. 1984) 688 P.2d 961, 965-967; *Carson* v. *Maurer* (1980) 120 N.H. 925 [424 A.2d 825, 833, 12 A.L.R.4th 1].) Neither party has addressed the constitutional questions, nor is it necessary to reach them in light of today's holding. Accordingly, they are left for another day.

eighteenth birthday, so there would be no question of the possible application of the adult provision.

However, if the wrongful act had occurred just *after* the victim's 15th birthday, the minor statute of limitations would not have run before the age of 18. On the 18th birthday, the minor would suddenly switch to the adult statute of limitations. Not only would the action no longer be barred, but since the date of the *injury* fell after the 17th birthday, an action could be filed after the 20th birthday.

A second hypothetical provides a further indication of the arbitrary results that would follow from plaintiff's reading of the statute. In this scenario, a plaintiff has suffered a wrongful act just after turning 15 and has immediately discovered the injury. If an action were filed the day before the plaintiff's 18th birthday, the minor statute of limitations would control. The discovery of the injury would have no effect on the limitations period, and the action would not be barred.

However, if the action were filed a day later, on the injured minor's 18th birthday, plaintiff's interpretation would require application of the adult statute of limitations. Suddenly, the one-year adult discovery period would be triggered retroactively as of the date of discovery three years earlier. Just as suddenly it would expire, and the action would be barred.

These hypotheticals serve to illustrate the bizarre and arbitrary results that would follow if this court were to hold that the statute of limitations suddenly switches at the moment a medical malpractice victim attains the age of majority. Plaintiff nevertheless argues that his construction of the statute is necessary to effectuate the intent of the Legislature.

In making this argument, plaintiff notes that section 340.5 was adopted in its present form as part of the Medical Injury Compensation Reform Act of 1975 (hereafter MICRA). (Stats. 1975, Second Ex. Sess. 1975-1976, ch. 1, § 25, p. 3969.) Plaintiff contends that the Legislature's goal in enacting MICRA and, specifically, in amending section 340.5, was to "curtail and limit the scope of medical malpractice claims." Accordingly, no construction should be adopted which might serve to extend the statute of limitations. This argument is meritless.

The preamble to MICRA states: "The Legislature finds and declares that there is a major health care crisis in the State of California attributable to skyrocketing malpractice premium costs and resulting in a potential breakdown of the health delivery system, severe hardships for the medically indigent, a denial of access for the economically marginal, and depletion of

physicians such as to substantially worsen the quality of health care available to citizens of this state. The Legislature, acting within the scope of its police powers, finds the statutory remedy herein provided is intended to provide an adequate and reasonable remedy within the limits of what the foregoing public health safety considerations permit now and into the foreseeable future." (Stats. 1975, Second Ex. Sess. 1975-1976, ch. 2, § 12.5, p. 4007.)

Clearly, the Legislature had as a primary goal the reduction of the cost of medical malpractice insurance. However, this goal was to be accomplished in a "reasonable" manner. This court's observations regarding the intent behind the original version of section 340.5 are instructive. ■ "[S]ection 340.5 evinces no . . . singleminded purpose [to lower malpractice insurance rates]. Instead, as originally worded, the statute appears to have been a compromise between concern over the extended exposure of medical practitioners to malpractice liability and a desire not to bar potentially worthy plaintiffs from court before they have a fair chance to bring suit. . . . [¶] In the absence of any explicit statutory provision or persuasive legislative history it would be groundless speculation to assume . . . that the sole purpose of section 340.5 was to reduce the potential malpractice liability of doctors . . . ." (*Larcher* v. *Wanless, supra,* 18 Cal.3d at pp. 655-656.) That statement is still applicable today. Indeed, this court was fully cognizant of the 1975 amendments to section 340.5 when the quoted passage was penned. (*Id.,* at p. 650, fn. 1.)

■ Moreover, the Legislature drastically curtailed the time within which a minor may bring an action when it specified the date of the wrongful act rather than the injury as the beginning of the three-year statute of limitations. Nothing in the statutory language or the legislative history suggests an intent to further limit the right of an injured minor to a judicial remedy by imposing additional restrictions intended for adults.

■ Our courts have repeatedly recognized the strong public policy protecting minors against the loss of their rights due to the operation of statutes of limitations. (E.g., *Williams* v. *Los Angeles Metropolitan Transit Authority* (1968) 68 Cal.2d 599, 608 [68 Cal.Rptr. 297, 440 P.2d 497]; *Kite* v. *Campbell, supra,* 142 Cal.App.3d at p. 802.) ■ The principle is also well established that "[s]tatutorily imposed limitations on actions are technical defenses which should be strictly construed to avoid the forfeiture of a plaintiff's rights [citation]." (*Sevilla* v. *Stearns-Roger, Inc.* (1980) 101 Cal.App.3d 608, 611 [161 Cal.Rptr. 700].) "Such limitations are obstacles to just claims and the courts may not indulge in a strained construction to apply these statutes to the facts of a particular case [citations]." (*Ibid.*) ■ Finally, there is a "strong public policy that litigation be disposed of

on the merits wherever possible." (*Hocharian* v. *Superior Court* (1981) 28 Cal.3d 714, 724 [170 Cal.Rptr. 790, 621 P.2d 829].) Each of these policies supports the construction given to section 340.5 by the trial court.

■ In conclusion, the language of section 340.5, the rules of statutory construction, and public policy require that the construction advocated by plaintiff be rejected. Section 340.5 must be construed to permit a person subjected as a minor to the professional negligence of a health care provider a period of at least three years from the date of the wrongful act in which to file an action, regardless of when the age of majority is reached or the injury is discovered.

### III.

■ In this case, the alleged wrongful act occurred in September or October of 1976, while plaintiff was a minor. Accordingly, the statute of limitations did not run on plaintiff's cause of action for medical malpractice until September of 1979. The attorney-client relationship between defendants and plaintiff was terminated several months earlier in January of 1979.

Plaintiff's complaint contains only a single cause of action. It alleges that defendants committed legal malpractice by failing to file an action for medical malpractice on his behalf within the period of the statute of limitations.

An attorney cannot be held liable for failing to file an action prior to the expiration of the statute of limitations if he ceased to represent the client and was replaced by other counsel before the statute ran on the client's action. (*Shelly* v. *Hansen* (1966) 244 Cal.App.2d 210, 213-214 [53 Cal.Rptr. 20], disapproved on other grounds in *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 190, fn. 29 [98 Cal.Rptr. 837, 491 P.2d 421].)

Accordingly, the summary judgment in favor of the defendants is affirmed.

Mosk, J., Kaus, J., Broussard, J., Reynoso, J., Grodin, J., and Lucas, J., concurred.