[No. B018197. Second Dist., Div. Four. Dec. 2, 1986.]

LOUIS E. FERGUSON et al., Plaintiffs and Appellants, v.
PHILIP DRAGUL et al., Defendants and Respondents.

**COUNSEL**

Dimino & Card, Leonard Sacks and Neil M. Levy for Plaintiffs and Appellants.

Wood, Lucksinger & Epstein, Steven C. Gambardella, George James Stephan, Tuverson & Hillyard and Diane Goldman for Defendants and Respondents.

**OPINION**

**WOODS, P. J.**—This is an appeal from a judgment of dismissal following the sustaining of a demurrer without leave to amend to the second count of plaintiffs' complaint. That count, brought by Kathleen Ferguson, a minor (Kathleen), alleged the wrongful death of her mother caused by respondents' medical malpractice. The court below concluded that Kathleen's action was barred by the statute of limitations contained in Code of Civil Procedure section 340.5.[1] We disagree and reverse the judgment.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

The facts as alleged in the complaint are as follows:

Between May 1979 and November 1980, Carol Ferguson consulted respondent doctors about lumps on her breasts. On May 23, 1983, Mrs. Ferguson died of bilateral breast cancer, the existence of which respondent doctors failed to properly diagnose.

Prior to her death, in February 1981, Mrs. Ferguson retained a law firm for the purpose of bringing a medical malpractice suit against respondents. After her death, in June 1983, her husband, Louis Ferguson, retained the same attorneys to prosecute a wrongful death action on his behalf against respondents. Neither action was ever filed.

On May 28, 1985, two years after Mrs. Ferguson's death, the instant action was filed. In count I, Mr. Ferguson alleged legal malpractice against the attorneys he and Mrs. Ferguson had retained to prosecute their respective actions.[2] Count II, brought on behalf of Kathleen, alleged the wrongful death of her mother based on the medical malpractice of respondents.

Respondents demurred to the wrongful death cause of action. They argued that the period within which Kathleen could bring her action under section 340.5 had expired, barring her suit. Their demurrer was sustained without leave to amend and Kathleen's action was dismissed. This appeal followed.

I

Section 340.5 provides in pertinent part: "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person. Actions by a minor shall be commenced within three years from the date of the alleged wrongful act except that actions by a minor under the full age of six years shall be commenced within three years or prior to his eighth birthday whichever provides a longer period. Such time limitation shall be tolled for minors for any period during which parent or guardian and defendant's insurer or health care provider have committed

---

[2]Count I is not involved in this appeal.

fraud or collusion in the failure to bring an action on behalf of the injured minor for professional negligence."

Prior to 1970, the limitations period for medical malpractice actions was the one-year term generally applicable to actions for personal injury or death, contained in section 340, subdivision 3. However, the period was tolled until the plaintiff actually discovered the injury and its negligent cause, or could have discovered them through the exercise of reasonable diligence. Hence, the running of the statute might be deferred indefinitely. (*Sanchez* v. *South Hoover Hospital* (1976) 18 Cal.3d 93, 96-97 [132 Cal.Rptr. 657, 553 P.2d 1129].)

By enacting section 340.5, the Legislature sought to modify the outside period in which medical malpractice actions could be brought. To that end, the statute retained the former one-year limitations period when the plaintiff discovered or should have discovered the injury, but, in any event, set an outside term of four years from the date of the injury within which the action had to be brought. (*Brown* v. *Bleiberg* (1982) 32 Cal.3d 426, 432 [186 Cal.Rptr. 228, 651 P.2d 815].) The four-year period, however, was tolled when the health care provider failed to disclose errors or omissions. (*Sanchez* v. *South Hoover Hospital, supra,* 18 Cal.3d at p. 95.)

Minors were not specifically mentioned in the 1970 act. In 1975, as part of the Medical Injury Compensation Reform Act (MICRA), the Legislature took another look at section 340.5. MICRA sought to stem the rising costs of medical malpractice insurance which the Legislature determined posed a threat to public health. (*Kite* v. *Campbell* (1983) 142 Cal.App.3d 793, 800 [191 Cal.Rptr. 363], overruled in part in *Young* v. *Haines* (1986) 41 Cal.3d 883 [226 Cal.Rptr. 547, 718 P.2d 909].) Perceiving a relationship between high insurance premiums and the limitations statute, the Legislature amended section 340.5 to cut the outside term from four years to three, restrict the tolling provision and specifically place minors within the ambit of the statute.

The addition of minors to section 340.5 was a clear signal that, in medical malpractice actions, the Legislature intended to abrogate the general rule which tolls the running of limitation statutes during a person's minority. (§ 352, subd. (a).) This differential treatment of minors who are medical malpractice plaintiffs and minors who are plaintiffs in other actions has been found to be constitutional. (*Kite* v. *Campbell, supra,* 142 Cal.App.3d at pp. 800-801.)

In concluding that section 340.5 as it applies to minors is constitutional, the *Kite* court observed: "The Legislature's obvious purpose was to control

malpractice insurance costs by shortening the time during which a health care provider and the provider's insurer would face the risk of a lawsuit." (142 Cal.App.3d at p. 800.) The Supreme Court has also commented upon the legislative purpose behind section 340.5: "Presumably, the legislative goal in amending section 340.5 was to give insurers greater certainty about their liability for any given period of coverage, so that premiums could be set to cover costs." (*Young* v. *Haines, supra,* 41 Cal.3d at p. 900.)

Yet, in making these changes the Legislature was not unaware of the need to accommodate the interests of victims of medical malpractice. "[A]s originally worded, the statute appears to have been a compromise between concern over the extended exposure of medical practitioners to malpractice liability and a desire not to bar potentially worthy plaintiffs from court before they have a fair chance to bring suit." (*Larcher* v. *Wanless* (1976) 18 Cal.3d 646, 655 [135 Cal.Rptr. 75, 557 P.2d 507].)

Where the medical malpractice plaintiff is a minor, the Supreme Court has cited, as an additional reason to construe section 340.5 to preserve the plaintiff's cause of action, "the strong public policy protecting minors against the loss of their rights due to the operation of statutes of limitations. [Citations.]" (*Steketee* v. *Lintz, Williams & Rothberg* (1985) 38 Cal.3d 46, 56 [210 Cal.Rptr. 781, 694 P.2d 1153].) Protecting minor plaintiffs does not require ignoring the clear mandate of the statute to fix limits on the time within which actions must be brought. Rather, it requires accommodating the public policy of protecting minors within the framework of the statute, recognizing "that the Legislature intended to achieve the goal of lowering malpractice insurance premiums in a rational manner. [Citation.]" (*Young* v. *Haines, supra,* 41 Cal.3d at p. 901.) Hence, in *Young* the court applied the adult tolling provisions of section 340.5 to minors since to construe the statute otherwise, denying minors the benefit of those provisions, would not rationally promote any ascertainable legislative goal. (*Id.,* at p. 900.)

At the same time, the court declined to apply the "discovery" limitation to minors. (*Young* v. *Haines, supra,* 41 Cal.3d at pp. 897-898, fn. 10 ["[T]his court has held that the one-year discovery limitation is applicable only to adults."]; *Steketee* v. *Lintz, Williams & Rothberg, supra,* 38 Cal.3d at p. 56 ["Nothing in the statutory language or the legislative history suggests an intent to further limit the right of an injured minor to a judicial remedy by imposing additional restrictions intended for adults."].) ▮ In view of the express statutory language and controlling Supreme Court precedents, we hold that, absent applicability of one of the tolling provisions, section 340.5 gives a minor a minimum of three years within which to bring a medical malpractice action. For reasons we set forth below, this three-year period applies whether the minor is herself the victim of medical malpractice

or brings a wrongful death action as the heir of one whose death was caused by medical malpractice.

## II

Respondents question whether section 340.5 governs in a medical malpractice wrongful death action in which the minor is an heir rather than the victim of medical malpractice.

The Supreme Court observed that, while it was constitutionally permissible for the Legislature to treat medical malpractice plaintiffs as a class differently from other plaintiffs, "to deny minors the adult tolling provisions does not group together malpractice victims as such. Rather, it would discriminate *within* the class of malpractice victims: minor malpractice plaintiffs would be treated less favorably than adults." (*Young* v. *Haines, supra,* 41 Cal.3d at p. 899, italics in original.) This rationale is no less applicable when the minor is the heir of a victim of medical malpractice.

■ By its express terms, section 340.5 authorizes actions "for injury or death" against a health care provider arising from the provider's alleged malpractice. This language clearly authorizes wrongful death actions by the adult heirs of medical malpractice victims. (See, e.g., *Larcher* v. *Wanless, supra,* 18 Cal.3d 646.) Although this language is not repeated where the statute speaks of minors, it would be discriminatory were it not construed to apply to minors. We hold, therefore, that the statute of limitations applicable to minors in section 340.5 governs their actions both as victims of medical malpractice and as heirs of victims.

Respondents raise a second point. They contend that the "wrongful act" referred to in section 340.5, from which the minor's wrongful death action accrues, occurs at the time of the malpractice not the death of the malpractice victim. The basis for this argument is respondents' contention that the word "injury" used with respect to adults and "wrongful act" which applies to minors in section 340.5 are not synonymous and, further, that a wrongful act precedes an injury. Under respondents' theory, the statute of limitations in Kathleen's wrongful death action would run from the time of her mother's discovery of her injury in 1981, rather than her mother's death in 1983.

It is true that "wrongful act" and "injury" are not necessarily synonymous. (*Steketee* v. *Lintz, Williams & Rothberg, supra,* 38 Cal.3d at p. 54.)

■ A wrongful death action is a separate action from the decedent's medical malpractice claim. The wrongful death action is not a continuation of the decedent's claim but an entirely new cause of action created in the

heirs. The event which gives rise to this cause of action is the decedent's death; that is the injury sustained by the heirs. (*Larcher* v. *Wanless, supra,* 18 Cal.3d at p. 657.) ■ Therefore, Kathleen's wrongful death claim accrued at the time of her mother's death. To hold otherwise would permit the running of the statute for a wrongful death action to occur during the decedent's lifetime. In the *Larcher* decision the court rejected this construction of the 1970 version of section 340.5. The court said: "We have found no persuasive evidence of a legislative purpose to so truncate the recovery rights of the heirs of malpractice victims." (At p. 653.) Accordingly, we hold that, under section 340.5, a minor's wrongful death action accrues at the death of the malpractice victim to whom the minor is heir.

## III

Kathleen takes the position that she had three years from the time of her mother's death within which to bring her action. Respondents argue that, at best, Kathleen had one year from the time of her mother's death within which to bring her action. This supposes that the "discovery" limitation in section 340.5 is applicable to minors. Under this theory, since Kathleen's father was aware of his own wrongful death claim against respondents at the time his wife died in May 1983, his knowledge is imputable to Kathleen (*Kite* v. *Campbell, supra,* 142 Cal.App.3d at p. 803), giving her a year from May 1983, within which to bring her action.

■ The plain language of section 340.5 gives minors at least three years from the "wrongful act" to bring their actions. Additionally, as previously observed, the Supreme Court has rejected application of the "discovery" limitation in section 340.5 to minors. (*Young* v. *Haines, supra,* 41 Cal.3d at p. 897, fn. 10.) ■ Finally, the "wrongful act" for the purposes of Kathleen's suit was her mother's death on May 23, 1983, which would allow her until May 23, 1986, to file her action. Accordingly, her action was timely filed.

The judgment of dismissal is reversed with directions that Kathleen's action shall be reinstituted. Appellant to recover costs on appeal.

Kingsley, J., and Arguelles, J., concurred.

Respondents' petitions for review by the Supeme Court were denied February 26, 1987.