501 So.2d 114 (1987)
Lisa FRAZIER, Appellant,
v.
Steven EFFMAN and Gary Rotella, Appellees.
No. 85-2704.
District Court of Appeal of Florida, Fourth District.
January 21, 1987.
*115 James C. Blecke and Susan S. Lerner, Miami, for appellant.
Robert M. Klein and Debra J. Snow of Stephens, Lynn, Chernay & Klein, Miami, for appellees.
DOWNEY, Judge.
Appellant, Lisa Frazier, sued appellees, Steven Effman and Gary Rotella, for legal malpractice contending that she had retained the defendants to represent her in a medical malpractice claim for injuries and damages she sustained at the hands of her doctor. The gravamen of her claim against the lawyers was that they had failed to join the Florida Patient's Compensation Fund as a party defendant before the statute of limitations expired on her claim against the Fund. From an adverse judgment of dismissal with prejudice, appellant has perfected this appeal.
The complaint in the present case alleged that on or about June 1, 1981, appellant retained Effman to represent her in her medical malpractice claim. The following October Effman filed a complaint against Dr. Fingerer and E.N.T. & Facial Plastic Associates, alleging medical malpractice, but did not join the Florida Patient's Compensation Fund as a party defendant. In September, 1982, appellee Rotella was substituted as counsel for Frazier in place of Effman. The complaint alleged that, during his stewardship, Effman amended the complaint twice but did not join the Fund. It is also alleged that Effman and Rotella communicated with each other a number of times after Effman's discharge but that Effman never advised Rotella or Frazier that the Fund had not been joined as a defendant. In 1984 Frazier retained a new lawyer and thereafter learned that neither Effman nor Rotella had joined the Fund as a party and that the statute of limitations had expired.
Effman filed a motion to dismiss the complaint for failure to state a cause of action against him because he had been discharged in September, 1982, when Rotella was retained, and the statute of limitations did not expire for several months thereafter. Thus, long before the limitations period expired Effman had no obligation to take any action in the case.
Under the circumstances of this case, where the complaint shows that the defendant lawyer was discharged and new counsel retained long before the claim became barred, a claim of negligence cannot be maintained. That was the conclusion of the Supreme Court of California in Steketee v. Lintz, Williams & Rothberg, 38 Cal.3d 46, 210 Cal. Rptr. 781, 694 P.2d 1153 (1985). There, the defendant lawyers had been retained to pursue a medical malpractice case. Several months before the statute of limitations expired the defendants terminated their relationship with the plaintiff and new counsel was retained by the plaintiff. Plaintiff's new attorneys brought suit against defendants for negligence in allowing the statute of limitations to expire without commencing suit. The California court ruled in favor of defendants, stating:
Plaintiff's complaint contains only a single cause of action. It alleges that defendants committed legal malpractice by failing to file an action for medical *116 malpractice on his behalf within the period of the statute of limitations.
An attorney cannot be held liable for failing to file an action prior to the expiration of the statute of limitations if he ceased to represent the client and was replaced by other counsel before the statute ran on the client's action. (Shelly v. Hansen (1966) 244 Cal. App.2d 210, 213-214, 53 Cal. Rptr. 20, disapproved on other grounds in Neel v. Magana, Olney, Levy, Cathcart & Gelfand (1971) 6 Cal.3d 176, 190, fn. 29, 98 Cal. Rptr. 837, 491 P.2d 421.)
38 Cal.3d at 57, 210 Cal. Rptr. at 787, 694 P.2d at 1159.
In another California case, Shelly v. Hansen, 244 Cal. App.2d 210, 53 Cal. Rptr. 20 (Dist.Ct.App. 1966),[1] the same principle was espoused. There a lawyer named Docken was retained to handle Shelly's contract claims against two companies for failure to pay Shelly for work performed on certain property. Several months before the statute of limitations expired, Shelly discharged Docken and retained a Mr. Hansen to represent him. The statute of limitations was allowed to expire before suit was filed against the companies, which resulted in Shelly's suing Docken and Hansen for legal malpractice. Shelly alleged that Docken was negligent in failing to file a lis pendens in the litigation, as required by a California statute, before the statute of limitations expired. Because of such negligence, the companies were granted summary judgments and the action was dismissed.
Docken contended that on the date of his discharge there still existed an enforceable right of action by Shelly against the defendant companies. That being the case, Shelly could not recover against him because to warrant recovery for that type of negligence it was necessary for the plaintiff to show that, at the critical times in question, there existed the relationship of attorney and client, with its accompanying responsibilities.
The court agreed with Docken, stating:
During the last seven months of the statutory period, the responsibility for filing the breach of contract action lay with Hansen and not Docken; furthermore, even if the latter had wished to do so, the proceeding could not have been instituted by him due to the termination of his employment as above stated. Stated otherwise, if Docken then had no duty to perform, how can it be properly urged that such duty was negligently carried out? Under the above circumstances, it may not be contended (as is done by plaintiff) that Docken's asserted negligence while acting as his counsel, was a, not the, proximate cause of the damages said to have been sustained. The "but for" rule determines cause in fact (Witkin, Summary of California Law, p. 1484); and in Lally v. Kuster, 177 Cal. 783, 787, 171 P. 961, it is declared that in a suit for negligence by a client against an attorney it must be shown that "but for" the asserted negligence an actionable claim could have been successfully maintained. Here the subsequent employment of Hansen intervened to make the above rule inoperative.
244 Cal. App.2d at 214, 53 Cal. Rptr. at 23.
Accordingly, we hold that under the circumstances of this case no cause of action was pled against Effman. This is not to say, of course, that, if in a given case insufficient time were to remain for the successor lawyer to rectify the oversight before the statute ran, or if the trial court refused to allow addition of a new party by amendment, a viable cause of action might not exist.
The judgment appealed from is affirmed.
WILLIS, BEN C., Associate Judge, concurs.
ANSTEAD, J., dissents with opinion.
*117 ANSTEAD, Judge, dissenting.
In the Florida Standard Jury Instructions for Civil Cases (1984), professional negligence is defined as either doing something that a reasonably careful lawyer would not do or in failing to do something that a reasonably careful lawyer would do under like circumstances. Fla.Std.Jury Instr. (Civ.) 4.2(c). In this case it is alleged that the lawyer was retained by appellant to prosecute her medical malpractice claim against all appropriate parties. It is further alleged that although an action was prosecuted an important defendant was not joined and appellant was unable to recover her full damages as a result. I believe these allegations are sufficient to state a cause of action for neglect under the standard set out above. The majority opinion itself indicates that "if in a given case insufficient time were to remain for the successor lawyer to rectify the oversight before the statute ran, or if the trial court refused to allow addition of a new party by amendment, a viable cause of action might exist." It may well be that the lawyer would prevail in defending the claim on the basis that he was discharged from employment several months before the limitations period expired, and that his failure to join the critical defendant was neither negligent nor a cause of loss to appellant in view of the time remaining to file suit. Those factual issues, however, should not be resolved on a motion to dismiss.
This case is not unlike a recent case in which we found triable issues to exist regarding a manufacturer's initial failure to provide a lock nut on a piece of equipment, even though the original nut on the equipment had subsequently been replaced by someone else, and that replacement nut's failure caused the claimant's injury:
Not only is there a fact issue involving the question of negligent design, based on the failure to use lock nuts to secure the wheels to the lift, but there is also an issue as to whether the replacement nut was an active and efficient intervening cause of the accident in question and, if so, whether it was probable or foreseeable.
A Patient Care Center, Inc. v. Ted Hoyer and Company, 498 So.2d 1381 (Fla. 4th DCA 1986).
NOTES
[1] This case was disapproved on other grounds in Neel v. Magana, Olney, Levy, Cathcart & Gelfand, 6 Cal.3d 176, 98 Cal. Rptr. 837, 491 P.2d 421 (1971).