PER CURIAM.
Victor and Delores Mitrani appeal from a final summary judgment entered in favor of attorney Jack Druckman in this legal malpractice case. We reverse.
The Mitranis purchased a condominium as tenants by the entireties in 1983. The purchase was subject to an agreement with the developer, Norman Cohen, under which he would repurchase the condominium for the original sales price if the Mitranis were not satisfied. Druckman was retained by the Mitranis in 1985 to represent them in the repurchase of the property by Cohen. Proper notice was given to Cohen and the closing was set for July 22, 1985.[1] In the course of preparing for the closing, Druck-man discovered a prior judgment recorded against Mrs. Mitrani individually. It was Druckman’s opinion that the judgment needed to be cleared before closing could take place. Upon learning of the judgment, Cohen refused to close unless it was cleared.
It is undisputed that the Mitranis knew of the judgment’s existence and did not want to pay it because they believed (indeed, they were being told by a New York attorney who also became involved in the case) the judgment creditor was demanding money to which he was not entitled. They requested Druckman to compromise the judgment. A check for $10,000 was left with Druckman on July 17, 1985, even though the judgment itself, without any interest computed, was in excess of $7,000.[2]
Druckman contacted the judgment creditor and determined that he would not settle *408 the judgment for anything less than the full amount. The Mitranis were not satisfied with Druckman's work. On August 5, 1985, Druekman received a telephone call from the New York attorney discharging him on behalf of the Mitranis. A letter of confirmation from the Mitranis was received the same day. At this time, approximately 21 days remained in which the repurchase could take place under the terms of the contract. The Mitranis then hired another attorney to proceed with the closing. That attorney also did not clear the judgment before Cohen announced in October, 1985, that the contractual time for repurchase elapsed.
The Mitranis sued Druekman[3] for negligence, arguing that since the judgment against Mrs. Mitrani individually was not a cloud on entireties property, Druck-man was negligent in stating the judgment had to be cleared before closing. Druck-man's motion for summary judgment, and his argument on appeal, was based on the theory that because he was discharged before the time expired for closing, any failure to close was the fault of the successor attorney, and thus, he was not the proximate cause of the Mitranis’ loss. Druck-man specifically denied that he was negligent, but for purposes of this particular motion, it is assumed that he was. Druck-man argues that the Mitranis’ discharge of him amounted to an efficient intervening cause so as to absolve him of liability for negligence.
As a general proposition, once a negligent act occurs, the actor will be liable for injury flowing therefrom, unless “an act unforeseeable to him and independent of his negligence intervenes to cause the loss.” State Farm Ins. Co. v. Nu Prime Roll-A-Way of Miami, Inc., 557 So.2d 107, 109 (Fla. 3d DCA 1990).
In the present case, the alleged negligence had created an impasse still existing three- weeks prior to closing. The record is not clear as to why the problem was not timely resolved by successor counsel; whether it could have been resolved; and whether the Mitranis’ own conduct contributed to the problem. The question is whether Druckman’s negligence (which is presumed to exist for purposes of this motion) was a cause (solely or as a concurring cause) of the failure to close the transaction, or whether there was fault on the part of successor counsel and/or the Mitranis which constituted an efficient intervening cause. At present, Druekman has not demonstrated the nonexistence of disputed issues of material fact with regard to the above matters.
Druekman relies on Frazier v. Effman, 501 So.2d 114 (Fla. 4th DCA 1987), for the proposition that where the complaint shows that the defendant lawyer was discharged and new counsel retained long before the claim became barred, a claim of negligence cannot be maintained. Id. at 115. Frazier involved a period of eight months between the discharge of the first attorney and the expiration of the statute of limitations. Not only was there a long interval, but the alleged negligence in that ease was failure to join a particular party defendant, a matter well within the control of successor counsel. Here, by the terms of the contract, only three weeks remained to close the repurchase transaction, and the circumstances surrounding the failure to close are not clear on the present record. The Frazier court stated that it did not establish a per se rule absolving an attorney from all consequences of negligence any time he is discharged by his client, but rather it depends on the circumstances existing in the particular case. Thus the Frazier court acknowledged that a cause of action may exist “[i]f in a given case insufficient time were to remain for the successor lawyer to rectify the oversight_” Id. at 116.
The judgment-is reversed and the cause remanded for further proceedings consist *409 ent herewith.[4]
Reversed and remanded.

. Pursuant to the terms of the repurchase agreement, the closing could take place not less than 30 days and not more than 60 days after receipt of the written notice. Since notice was given to Cohen on June 24 or 26, the contract allowed until August 26 to close. The contract also required the developer to set the date for closing. Cohen did not do so.

. The amount claimed by the judgment creditor, including legal interest and costs, was $17,-148.85.

. The Mitranis also sued successor counsel for failure to close the transaction. No issue regarding successor counsel is before us.

. This remand is without prejudice to Druck-man to renew his motion for summary judgment on a more complete record if he is able to show the nonexistence of a disputed issue of material fact with respect to the causation issue.