[No. B069938. Second Dist., Div. Five. Dec. 15, 1992.]

BRUCE D. STUART, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CARMEN ROBLEDO ANDRADE, Real Party in Interest.

COUNSEL

Jeff Berke for Petitioner.

No appearance for Respondent.

Hartley & Hartley and Joseph M. Hartley for Real Party in Interest.

OPINION

TURNER, P. J.—Bruce D. Stuart, a defendant in a legal malpractice action, seeks a writ of mandate directing the respondent court to grant his summary judgment motion.

On August 8, 1986, plaintiff Carmen Robledo Andrade suffered an injury while on the premises of Ron Rose Arco Station (Arco). He hired Mr. Stuart to represent him in a personal injury lawsuit. On March 6, 1987, Mr. Stuart filed a Judicial Council form personal injury complaint. The summons and complaint in the municipal court action were served on Arco on May 6, 1987. After effecting service of the summons and complaint, Mr. Stuart commenced settlement negotiations with Arco's insurance carrier, Fireman's Fund. Mr. Stuart granted Arco an open extension of time to answer the complaint. The open extension was confirmed in a letter from Fireman's Fund to Mr. Stuart dated September 15, 1988.

In January, 1990, Mr. Stuart was advised that Mr. Andrade desired to be represented by a different attorney. Mr. Stuart signed a substitution of attorney form on January 26, 1990. Mr. Andrade's new attorney, Speros Maniates, signed the form on the same day. The substitution of attorney form was filed with the municipal court on February 26, 1990. Since the summons and complaint were filed on March 6, 1987, pursuant to Code of Civil Procedure section 583.210,[1] the complaint had to be served within 3 years and the proof of service had to be returned within 3 years and 60 days of that date, or May 5, 1990. Mr. Maniates did not return the summons prior to May 5, 1990. There is no evidence Arco moved to dismiss the personal injury action filed in municipal court by Mr. Stuart at any time after May 5, 1990.

---

[1]All future statutory references are to the Code of Civil Procedure. Section 583.210 provides: "(a) The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant. For the purpose of this subdivision an action is commenced at the time the complaint is filed. [¶] (b) Return of summons or other proof of service shall be made within 60 days after the time the summons and complaint must be served upon a defendant."

Mr. Andrade filed his legal malpractice complaint against Attorneys Stuart and Maniates in superior court on June 4, 1991. The purported acts of malpractice consisted of "failing to file a meritorious action in the Superior Court where the damages exceeded $25,000 and in failing to serve any of the defendants within the three years of the date of the filing of the complaint." On May 18, 1992, Mr. Stuart filed a motion for summary judgment. The motion was argued and taken under submission on July 23, 1992. In a minute order issued August 18, 1992, the respondent court denied the motion, finding there were "triable issues of fact regarding defendant's alleged malpractice." The minute order did not "specifically refer to the evidence proffered in support of and in opposition to the motion which indicate that a triable issue of controversy exists." (§ 437c, subd. (g); see *Gonzales* v. *Superior Court* (1987) 189 Cal.App.3d 1542, 1546 [235 Cal.Rptr. 106].)

■   After utilizing the applicable standard of review (*Molko* v. *Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122, 762 P.2d 46]), we conclude Mr. Stuart was entitled to summary judgment because he was not the attorney of record for Mr. Andrade at the time his former client is alleged to have lost the right to pursue the personal injury action against Arco.[2]   ■   "[O]n [a] motion for summary judgment, the moving party must generally negative the matters which the resisting party would have to prove at the trial." (*Barnes* v. *Blue Haven Pools* (1969) 1 Cal.App.3d 123, 127 [81 Cal.Rptr. 444].)   ■   In order to prevail in the summary judgment context, Mr. Stuart was required to disprove, as a matter of law (§ 437c, subd. (c)), that "at the critical times in question there existed the relationship of attorney and client with its accompanying responsibilities." (*Shelly* v. *Hansen* (1966) 244 Cal.App.2d 210, 214 [53 Cal.Rptr. 20], disapproved on other grounds in *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 190, fn. 29 [98 Cal.Rptr. 837, 491 P.2d 421].) In *Steketee* v. *Lintz, Williams & Rothberg* (1985) 38 Cal.3d 46, 57 [210 Cal.Rptr. 781, 694 P.2d 1153], the plaintiff sued a law firm and two of its members for legal malpractice, claiming the attorneys allowed the statute of limitations to expire in connection with a medical malpractice action. The Supreme Court found that the statute of limitations ran on the plaintiff's medical malpractice cause of action in September 1979. However, the plaintiff had discharged the defendant attorneys in January 1979. The Supreme Court, affirming a summary judgment in favor of the attorneys, held, "An attorney cannot be held liable for failing to file an action prior to the expiration of the statute of limitations if he ceased to represent the client and

[2]Because Arco had an open extension of time to answer the complaint, it may have been estopped from seeking a dismissal under section 583.210. (See *Knapp* v. *Superior Court* (1978) 79 Cal.App.3d 799, 804 [145 Cal.Rptr. 154].)

was replaced by other counsel before the statute ran on the client's action." (*Ibid.*) Similarly, in this case, Mr. Stuart ceased to be attorney of record in the municipal court personal injury action nearly three months before the earliest date upon which Arco's right to a mandatory dismissal could have accrued. During that nearly three-month period, the responsibility for returning the summons lay solely with Mr. Andrade's new attorney, Mr. Maniates, and not Mr. Stuart. Here, the "critical time in question" (*Shelly* v. *Hansen, supra,* 244 Cal.App.2d at p. 214) was May 5, 1990, and the attorney-client relationship between Mr. Andrade and Mr. Stuart had previously ended, on February 26, 1990, when the substitution of attorney form was filed. (See *Hock* v. *Superior Court* (1990) 221 Cal.App.3d 670, 674 [270 Cal.Rptr. 579]; *Sherman* v. *Panno* (1954) 129 Cal.App.2d 375, 378-379 [277 P.2d 80].)

■ Mr. Stuart cannot be held liable for failing to file the action initially in superior court. Even though in the personal injury complaint Mr. Andrade agreed to remit "any sum in excess of the jurisdiction of [the municipal] court," the pleading could nonetheless have been amended and the cause transferred to superior court if there was a likelihood Mr. Andrade's damages would be found to be in excess of the municipal court's jurisdiction. (See *Williams* v. *Superior Court* (1989) 216 Cal.App.3d 378, 386, fn. 6 [264 Cal.Rptr. 677]; *Thomasian* v. *Superior Court* (1953) 122 Cal.App.2d 322, 335-341 [265 P.2d 165].)

Let a peremptory writ of mandate issue directing the respondent court to vacate its order of August 18, 1992, denying the summary judgment motion of Bruce D. Stuart and enter a new and different order granting the motion. Defendant Bruce D. Stuart is to recover his costs from plaintiff Carmen Robledo Andrade incurred in connection with these proceedings.

Boren, J., and Grignon, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied March 18, 1993.