**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS VILLACRES, individually and on behalf of other members of the general public similarly situated,<br><br>          Plaintiff - Appellant,<br><br>  v.<br><br>ABM INDUSTRIES INCORPORATED, a Delaware corporation; et al.,<br><br>          Defendants - Appellees. | No. 09-55864<br><br>D.C. No. 2:07-cv-05327-VAP-OP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted June 10, 2010[**]
Pasadena, California

Before: D.W. NELSON and GOULD, Circuit Judges, and GWIN, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

Carlos Villacres appeals the district court's order denying his motion for class certification and granting the motion for summary judgment brought by Defendants ABM Industries, et al. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"A grant of summary judgment is reviewed de novo." *In re Apple Computer Sec. Litig.*, 886 F.2d 1109, 1112 (9th Cir. 1989). The overall standard of review for a district court's class certification decision is abuse of discretion, but if the district court's determination is premised on a legal error, this court will find a per se abuse of discretion. *Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1090–91 (9th Cir. 2010). The district court's determination of questions of law are accorded no deference and reviewed de novo. *Id.* at 1091.

The relief set forth at section 226(e) of the California Labor Code is available to "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with" section 226(a) of that code, which governs the information that must be provided on pay stubs. Cal. Labor Code §§ 226(a), (e). Villacres conceded in his deposition that he experienced no harm as a result of his employer's alleged violations of section 226(a), and that the alleged violations had no consequences. Nor did he show that members of his

2

proposed class experienced harm or other consequences due to any allegedly improper pay stubs.

Villacres argues that violations of section 226(a) in and of themselves are injuries sufficient to make section 226(e) relief available to him and his proposed class. This is not how California courts typically have defined "injury." See *Steketee v. Lintz, Williams & Rothberg*, 38 Cal. 3d 46, 54 (1985) ("'Wrongful act' and 'injury' are not synonymous. The word 'injury' signifies both the negligent cause and the damaging effect of the alleged wrongful act and not the act itself.") (citations omitted); *Lueter v. California*, 115 Cal. Rptr. 2d 68, 81 (Cal. Ct. App. 2002) ("Although the words 'injury' and 'damage' often are used interchangeably, a distinction may be made. 'Injury' refers to the fact of harm suffered by the plaintiff due to the defendant's conduct. 'Damages' refers to the monetary sum that the plaintiff may be awarded as compensation for injury."). We have no reason to believe that the California Supreme Court would interpret section 226(e) differently. The district court did not err when it held that section 226(e) relief was unavailable to Villacres and his proposed class.

**AFFIRMED.**